**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL McARTHUR, | Civil No. 03-2129 (DMC) |
| Petitioner, | |
| v. | **O P I N I O N** |
| TERRANCE MOORE, et al., | |
| Respondents. | |

**APPEARANCES:**

    SAMUEL McARTHUR, #299849B
    Bayside State Prison
    P.O. Box F-1
    Leesburg, New Jersey  08327
    Petitioner pro se

    STEVEN E. BRAUN, Chief Assistant Prosecutor
    PASSAIC COUNTY PROSECUTOR
    401 Grand Street
    Paterson, New Jersey  07505
    Attorneys for Respondents

**CAVANAUGH**, District Judge

    Samuel McArthur filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  Respondents filed an Answer, with a copy of the state court record, arguing that the Petition should be dismissed on the merits.  Petitioner filed a Reply to the Answer.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on February 23, 2001, in the Superior Court of New Jersey, Law Division, Passaic County, after a jury convicted him of unlawful possession of heroin, unlawful possession of heroin with intent to distribute, and possession with intent to distribute within 1,000 feet of a school. The Law Division granted the State's motion for the imposition of an extended sentence as a persistent offender and sentenced Petitioner to a nine-year term of imprisonment, with a four and one-half-year period of parole ineligibility. Petitioner appealed, and in an opinion filed October 29, 2002, the Appellate Division of the Superior Court of New Jersey affirmed. On February 28, 2003, the Supreme Court of New Jersey denied certification. State v. McArthur, 175 N.J. 549 (2003) (table).

Petitioner executed the Petition which is now before the Court on April 30, 2003. The Clerk received it on May 9, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents four grounds. The State filed an Answer seeking dismissal of the Petition, arguing that none of the grounds asserted satisfies the standard for habeas relief. Petitioner filed a Reply.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

2

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate
(continued...)

3

federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).

---

[1](...continued)
counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

Where a federal claim was "adjudicated on the merits"[3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, _, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III. DISCUSSION

A. Fifth Amendment

In Ground One, Petitioner asserts that the trial court violated his Fifth Amendment right to remain silent. He asserts:

> The trial court violated my right to remain silent as guaranteed by the fifth amendment to the U.S. Constitution by instructing the jurors that on the issue of credibility they may consider a witness's failure to disclose facts or omission to speak.

(Pet. ¶ 12.A.)

Petitioner explains in his Reply that he testified in his own defense and that his credibility was a critical issue. (Reply at 3.) He argues that "the trial judge violated petitioner['s] constitutional rights to post-arrest silence when he gave his instruction, which was an egregious violation of petitioner's right to remain silent." (Id.) The government argues that Petitioner waived his Fifth Amendment right by testifying. Petitioner raised this claim on direct appeal and the Appellate Division rejected the claim without discussion.

The Fifth Amendment prevents a person from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Where a defendant testifies, he cannot

claim a fifth amendment privilege on matters reasonably related to his credibility or the subject matter of his testimony. See Lesko v. Lehman, 925 F.2d 1527, 1542 (3d Cir. 1991); see also Harrison v. United States, 392 U.S. 219, 222 (1968) ("A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives ..."). Furthermore, "it is permissible for the prosecutor or the court to advise the jury that it may draw an adverse inference from the defendant's silence when the defendant has testified as to some facts concerning the crime charged, but has refused to testify as to other facts within his knowledge." Lesko, 925 F.2d at 1542. Because the New Jersey courts did not violate clearly established federal law regarding the Fifth Amendment, as determined by the Supreme Court, Petitioner is not entitled to habeas relief under Ground One.

B. Other Crimes Evidence

In Ground Two, Petitioner contends that the trial court violated his due process rights by admitting evidence regarding an outstanding arrest warrant. Specifically, he asserts:

> The trial court improperly admitted other crime evidence violated due process and the trial court failed to instruct the jurors on the permissible and impermissible uses of other-crime evidence.

(Pet. ¶ 12.B.)

The Appellate Division considered and rejected this claim on direct appeal. "Although indication of a prior crime or offense may have had a bearing on defendant's credibility, he himself placed this issue before th jury when he took the stand in his own defense and his sanitized record was admitted into evidence." State v. McArthur, No. A-4582-00T4 slip op. at 5 (App. Div. Oct. 29, 2002).

In Ground Two, Petitioner challenges the admission of other crimes evidence under state law. The claim is not cognizable on habeas review because it does not assert a constitutional violation. See Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas court . . . cannot decide whether the evidence in question was properly allowed under the state law of evidence"); Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) ("As to the contention that the trial court erred in admitting . . . testimony of a prior flirtatious conversation, we find that, if there was any error in the court's ruling on a discretionary matter, that error was at best one of interpretation of the state's law of evidence and did not arise to constitutional dimensions"). Moreover, Petitioner cites no Supreme Court case clearly establishing that the admission of other crimes evidence constitutes a due process violation. See, e.g., Spencer v. Texas, 385 U.S. 554 (1967) (rejecting a due process challenge to a state rule admitting evidence of prior similar crimes). Because the New Jersey courts did not violate clearly established federal law as determined by the Supreme Court by admitting evidence of other crimes, Petitioner is not entitled to habeas relief under Ground Two.

C. Instructions

In Ground Three, Petitioner contends that the failure to instruct the jury on the law of identification and alibi violated due process. Specifically, he asserts that "the trial court['s] failure to instruct the jury on the law identification even though identification was a material, contested issue in the case; and the trial court's failure to instruct the jury on the law of alibi notwithstanding the fact that alibi was the defendant's principal defense" violated due process. (Pet. ¶ 12.C.)

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions . . . must include particular provisions" or demonstrate that the instructions "deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). This is because district courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it" Id. As Petitioner does not show that the failure to instruct was contrary to or involved an unreasonable application of Supreme Court precedent, habeas relief on Ground Three is not warranted.

D.  Illegal Sentence

In Ground Four, Petitioner challenges his sentence. He asserts:

> The defendant's sentence is illegal and the trial court erred by improperly balancing the aggravating and mitigating factors when imposing sentencing.

(Pet. ¶ 12.D.)

This claim is not cognizable on habeas review. Absent a claim that the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law. Chapman v. United States, 500 U.S. 453, 465 (1991); Gryger v. Burke, 334 U.S. 728, 731 (1948); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984).[4]

---

[4] In Gryger v. Burke, 334 U.S. 728, 731 (1948), the Supreme Court rejected petitioner's due process challenge to a life sentence imposed by the Pennsylvania courts. Petitioner argued that the sentencing judge mistakenly regarded as mandatory a sentence which was discretionary. The Supreme Court held:

> We are not at liberty to conjecture that the trial court acted under

(continued...)

"[A] person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual . . . and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." Chapman, 500 U.S. at 465 (citations omitted). Because the imposition of Petitioner's sentence did not violate clearly established federal law, as determined by the Supreme Court, Petitioner is not entitled to habeas relief under Ground Four.

E. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

DENNIS M. CAVANAUGH, U.S.D.J.

DATED: Oct 21, 2005

---

[4] (...continued)
an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied. We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.